**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PATRICK A. CANNAVAN,

Plaintiff,

v.

GOV. GAVIN NEWSOM, et al.

Defendants.

Case No. 1:26-cv-06992 JLT EPG

ORDER DECLINING FINDINGS AND RECOMMENDATIONS, AND GRANTING PLANTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

(Docs. 2, 7)

Patrick Cannavan seeks to proceed *in forma pauperis* in this action, in which he alleges violations of his civil rights. (Docs. 1, 2.) The magistrate judge reviewed Plaintiff's litigation history and found the following dismissals count as "strikes" under 28 U.S.C. § 1915(g):

1. *Cannavan v. Newsom, et al.,* No. 1:26-cv-6034-KES-EPG (E.D. Cal. Aug. 31, 2026) (order dismissing action as duplicative)
2. *Cannavan v. Newsom, et al.,* No. 1:26-cv-6035-KES-FJS (E.D. Cal. Aug. 31, 2026) (order dismissing action as duplicative)
3. *Cannavan v. Newsom, et al.,* No. 1:26-cv-6046-KES-EPG (E.D. Cal. Aug. 31, 2026) (order dismissing action as duplicative)
4. *Cannavan v. Newsom*, *et al*., No. 1:26-cv-6048-KES-FJS (E.D. Cal. Aug. 31, 2026) (order dismissing action as duplicative)
5. *Cannavan v. Newsom, et al.*, No. 1:26-cv-6051-KES-FJS (E.D. Cal. Aug. 31, 2026) (order dismissing action as duplicative).

(Doc. 7 at 2-3.) In so finding, the magistrate judge found that "when a plaintiff is proceeding in

forma pauperis and his case is dismissed on grounds that it is duplicative of a previous action …, then the Court considers the dismissal to be on frivolous or malicious grounds under 28 U.S.C. § 1915(g)." (*Id.* at 2, citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).) The magistrate judge also found Plaintiff did not satisfy "the imminent danger" exception" to Section 1915. (*Id.* at 3-4.) Therefore, the magistrate judge recommended that the Court deny Plaintiff's application to proceed *in forma pauperis*. (*Id.* at 5.)

The magistrate judge's reliance upon *Cato*— to support the finding that the identified dismissals qualify as strikes — appears misplaced. In *Cato*, the Court addressed whether a case could be dismissed as duplicative under a prior version of Section 1915 and concluded that "[t]here was no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'" *Cato*, 70 F.3d at 1105 n.2 (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).) However, the Court did not hold that a dismissal as duplicative automatically qualifies as a strike. *See id.*

A dismissal qualifies as a strike when it is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Ninth Circuit has taken a narrow view of the statute and indicated that "[i]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022) (citing *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019)). Importantly, that an action is "duplicative" is not one of the identified reasons in Section 1915(g) for a dismissal to qualify as a strike. *See* 28 U.S.C. § 1915(g).

Although a court may find a duplicative action is also frivolous or malicious, such a finding was not made in the identified actions. Instead, the finding in each of the cases identified was limited to the conclusion that the "action is duplicative." (*See* Case No. 1:26-cv-06034, Doc. 12 at 1-2; *see also* Case No. 1:26-cv-6035, Doc. 12 at 2; Case No. 1:26-cv-6046, Doc. 12 at 2; Case No. 1:26-cv-6048, Doc. 12 at 2; Case No. 1:26-cv-6051, Doc. 12 at 2.) Without additional findings— that each action was frivolous or malicious—the identified dismissals do not qualify as strikes. *See, e.g., Ramsey v. Lujan*, 2025 WL 3273805, at *2 (E.D. Cal. Oct. 21, 2025) (observing that on appeal, the Ninth Circuit found a dismissal "as duplicative" was "not explicitly on

enumerated grounds") (quoting *Ramsey v. Cal. Dep't. of Corr. and Rehab*., No. 23-2465 (9th Cir. Dec. 21, 2023, ECF No. 16)); *see also Washington v. Gilmore*, 825 Fed. App'x 58, (3rd Cir. 2020) ("These dismissals do not count as strikes because the District Court did not explicitly characterize the claims as malicious or frivolous …, not because duplicative claims are not susceptible to dismissal on those grounds"). Therefore, the Court declines to find the dismissals identified qualify as strikes under Section 1915(g). As the dismissals do not qualify as strikes, Plaintiff may proceed *in forma pauperis* in this action.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated September 2, 2026 (Doc. 7) are **DECLINED.**
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.
3. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: September 28, 2026

UNITED STATES DISTRICT JUDGE